David KUO, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1053.

United States Court of Veterans Appeals.

Submitted April 2, 1992.

Decided Aug. 4, 1992.

Elinor Roberts, San Francisco, Cal., was on the brief for appellant.

James A. Endicott, Jr., General Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. General Counsel, and Michele Russell Katina, Washington, D.C., were on the pleadings for appellee.

Before FARLEY, MANKIN and IVERS, Associate Judges.

FARLEY, Associate Judge:

In a 1983 decision by the Board of Veterans' Appeals (BVA or Board), appellant was granted service connection for a psychiatric condition and the matter was sent

to the Regional Office (RO) for an adjudication of a disability rating. When appellant failed to report for an examination, a 0% rating was assigned in 1984. Subsequently appellant received a rating of 100% with an effective date of October 1986. Appellant filed a Notice of Disagreement and perfected an appeal, arguing that he was entitled to an effective date back to the date of his original claim in 1979. In a decision dated February 25, 1991, the BVA ruled that appellant was entitled to an effective date of January 24, 1986, but refused to grant an earlier date on the ground that the 1984 0% rating had become final when appellant failed to perfect an appeal. Although the Secretary of Veterans Affairs (Secretary) has moved for summary affirmance, the Court finds that the factual and legal analyses of the BVA are flawed and the proffered statement of reasons and bases are legally insufficient to sustain the decision. Therefore, the Secretary's motion will be denied and the BVA decision of February 25, 1991, will be vacated and the matter remanded for further proceedings consistent with this opinion.

## I.

Appellant served in the U.S. Army from October 1964 to August 1965. R. at 1. On October 31, 1979, appellant filed a claim for disability compensation with the Veterans' Administration (now the Department of Veterans Affairs) (VA). R. at 68. On November 9, 1983, the BVA, affording appellant the benefit of the doubt, reversed a rating board decision denying service connection and found that "the veteran's schizophrenia was incurred during wartime service." R. at 6, 7. An examination to determine a disability rating was scheduled for January 4, 1984. R. at 10. Appellant did not report for the examination for the stated reason that: "They want to poison me so they do not need to give me disability payment." R. at 8. A February 14, 1984, rating decision indicated that the veteran was represented by the American Red Cross and assigned a rating of 0% for failure to report for the examination. R. at 10. Appellant was notified of the rating

decision by a letter dated March 16, 1984, which advised:

> Since you failed to report for your scheduled physical examination on January 4, 1984, the extent and severity of your impairment cannot be determined. If you are willing to report for an examination, please let us know.

R. at 11. The letter indicates that a copy was sent to the American Red Cross. *Id.*

During August or September of 1984, the VA received a VA Form 23–22 executed by appellant and designating as his representative "Robert N. Katz[,] 2150 Shattuck[,] Suite 810[,] Berkeley, CA, 94704". Supplemental Record (S.R.) at 8; *see also* Secretary's Transmission for Court Reference. In block 9 of VA Form 23–22, the claimant's (appellant's) address was listed as that of his representative, Mr. Katz. S.R. at 8.

On a VA Form 21–4138, Statement in Support of Claim, dated January 9, 1985, appellant stated: "Please consider this letter as my Notice of Disagreement to the V.A. rating decision letter of 3/16/84 [sic] which rated my service-connected disability for a nervous condition as less than 10%." R. at 13. Appellant listed his address as: "c/o Mr. Robert Katz[,] 2150 Shattuck Ave.[,] Suite 810[,] Berkeley 94704". *Id.* Following additional correspondence between the VA and Mr. Katz (R. at 17–19; 20–21; S.R. at 6), another psychiatric examination was scheduled for March 13, 1985. R. at 22. Again, appellant failed to report. R. at 24.

A Statement of the Case was prepared and approved on June 6, 1985. R. at 25–29. On the cover page of the Statement of the Case, there is no entry in the space provided for listing the representative to whom a copy is being sent. R. at 25. The Statement of the Case was sent by letter dated June 6, 1985, and addressed to: "Mr. David Kuo[,] c/o Robert Katz, Attorney-at-Law[,] 2150 Shattuck Ave., Suite # 810[,] Berkeley, CA 94704." S.R. at 7. The letter specifically warned: "If we do not hear from you in 60 days, we will assume you do not intend to complete your appeal and we will close our record. If you require more

time, please let us know within 60 days."
*Id.*

In a letter dated April 30, 1989 (R. at 96–98), appellant's sister, Freiya Kuo, states that

In late November 1985, Mr. Katz told David that he had not received any reply from the V.A. concerning the issue of a V.A. examination, and the appeal of the V.A.'s less than 10% rating. These were issues that were presented to the V.A. in his previous three letters. David then went to the V.A. to enquire [sic] about the status of his claim, and was told that it was closed because he failed to respond to the V.A.'s "Statement of the Case" 6–6–85. David requested (on a V.A. Form 07–3288) dated 12–5–85 (# 15), that the V.A. give him a copy of the "Statement of the Case". This was received by Mr. Katz on 12–12–85.

R. at 97.

Subsequently, on October 23, 1986, appellant requested a status report on the progress of his claim. R. at 32. In a statement dated November 7, 1986, and listing appellant's address as Mr. Katz', appellant requested a review of his entire claims folder, noting that he had submitted new medical evidence in June 1986. R. at 34. In a statement dated November 10, 1986, appellant requested a review of "my claim and the two attached medical reports [which] are copies of what I sent to the VA in June. I want to know why the VA has not given me a reply to my claim." R. at 45.

An examination by a *non*-VA psychiatrist on a fee basis was authorized and requested by the adjudication officer on February 13, 1987 (R. at 46), and conducted. R. at 50–60; *see also* earlier examination by same physician, R. at 35–43. Based upon the diagnosis of chronic paranoid schizophrenia, in a rating decision dated January 19, 1988, a 100% disability rating from October 23, 1986, was assigned. R. at 63.

On May 2, 1988, a Notice of Disagreement seeking an effective date of November 27, 1980, was filed. R. at 65. In a decision dated April 25, 1990 (R. at 100–02), the BVA remanded the matter for consideration of new evidence, namely the statement from appellant's sister (referred to as "brother" in the BVA decision) and attachments thereto. R. at 96–98. On remand, the RO determined without explanation that the new evidence did not provide a basis for changing the original rating. R. at 103. Appellant was advised of this determination upon receipt of a Supplemental Statement of the Case (R. at 106–08), noted his disagreement (R. at 111), and continued to argue entitlement to an earlier effective date. R. at 109–15.

In its decision of February 25, 1991, the BVA held that the 0% rating became final when the veteran failed to perfect his appeal pursuant to 38 U.S.C. § 7105 (formerly § 4005).

9. In June 1985, the veteran was furnished a Statement of the Case at his then address of record, which notified him of the reason his claim was being denied, and also informing him of the procedures and requirements for obtaining an examination sufficient for compensation purposes from an outside source. No appeal from this determination was perfected.

*David Kuo*, BVA ——, at 5 (Feb. 25, 1991). The BVA also ruled that the failure to send a copy of the June 6, 1985, Statement of the Case to appellant's representative was not clear and unmistakable error due, in part, to the absence of a power of attorney designating Mr. Katz as appellant's representative. *Kuo*, BVA ——, at 6 ("nor is there any indication that [Mr. Katz] attempted to obtain a power of attorney from the veteran"). However, the Board did conclude that appellant's October 23, 1986, request for a status report was a claim for an increased evaluation and, based on reports of examinations, concluded that appellant was entitled to an earlier effective date. "Complete social and industrial incapacity was factually ascertainable as of January 24, 1986". *Kuo*, BVA ——, at 8. A timely Notice of Appeal was filed on June 19, 1991.

II.

In 1983, the BVA ruled that appellant's psychiatric disability was service connected

and the matter was remanded to the agency of original jurisdiction for the purpose of determining the extent of the disability and adjudicating a rating. As is apparent from the record before the Court and the facts recited above, a proper and accurate adjudication proved to be a moving and illusive target. This was due, at least in part, to the nature of appellant's disability and his conduct; it was also due to the fact that none of the agencies involved in the adjudication process, neither the RO nor the BVA (nor even this Court during this appeal), had before them a full, complete and accurate record when called upon to render a decision.

The applicable statute is 38 U.S.C. § 7105(d)(3) (formerly § 4005(d)(3)) which provides, in pertinent part, as follows:

> (3) Copies of the "statement of the case" prescribed in paragraph (1) of this subsection will be submitted to the claimant and to the claimant's representative, if there is one. The claimant will be afforded a period of sixty days from the date the statement of the case is mailed to file the formal appeal. This may be extended for a reasonable period on request for good cause shown.... The agency of original jurisdiction may close the case for failure to respond after receipt of the statement of the case, but questions as to timeliness or adequacy of response shall be determined by the Board of Veterans' Appeals.

### A.

█ The Statement of the Case must be sent to "the claimant and to the claimant's representative, if there is one." 38 U.S.C. § 7105(d)(3). The Statement of the Case was internally "submitted" on June 5, 1985, and "approved" on June 6, 1985. R. at 29. By that time, appellant had filed a VA Form 23–22 designating Robert N. Katz, Esq., as his representative. S.R. at 8; *see also* R. at 30 (the February 26, 1985, notice of withdrawal of power of attorney by the American Red Cross in favor of a "private attorney"); R. at 17–18 (January 25, 1985, letter from Robert N. Katz, Esq.,

on professional letterhead to VA Adjudication Officer).

The BVA's finding that Mr. Katz "cannot be considered to have been the representative of record at the time the Statement of the Case was furnished in June 1985" was based, entirely or in significant part, upon its belief there was no "indication that [Mr. Katz] attempted to obtain a power of attorney from the veteran". *Kuo*, BVA ——, at 6. Since, as the Secretary now concedes, a VA Form 23–22 designating Mr. Katz as appellant's representative "was, in fact, filed with the Veterans Administration ... in September, 1984" (*see* Secretary's Transmission for Court Reference), the BVA's finding was based upon an erroneous premise and cannot stand. A remand will enable the BVA to reconsider its decision in light of a fuller, more complete, and more accurate record.

### B.

█ When the June 6, 1985, Statement of the Case was mailed, the then-current and last known address of appellant was that of his representative, Robert N. Katz, Esq. *See* R. at 13, S.R. at 8; *compare* R. at 8 ("1720 Oregon Street"). The Supplemental Record on Appeal contains a copy of letter to "Mr. David Kuo" in care of "Robert Katz, Attorney-at-Law" at the latter's address; the copy of the letter in the Supplemental Record on Appeal bears a handwritten date of "6/6/85" at the top and typed dates of "05–29–85" and "06–05–85" at the bottom. S.R. at 7. On its face, the letter purports to "send you the attached 'Statement of the Case'" and specifically advises that, unless the VA hears from the veteran within 60 days or the veteran requests additional time, the record will be closed. *Id.* In the absence of clear evidence to the contrary, which appellant has not submitted, it must be presumed that the Secretary properly discharged his official duties and mailed the letter to appellant in care of his representative in the normal course of business. *Ashley v. Derwinski*, 2 Vet.App. 307 (1992) (*Ashley II*).

Under the circumstances presented by this appeal, where a veteran has designated

a representative and listed his representative's address as his own, the mailing of a Statement of the Case to the veteran in care of his representative at the correct address of the representative might be construed to meet the bare requirement of 38 U.S.C. § 7105(d)(3) that "[c]opies of the 'statement of the case' ... will be submitted to the claimant and to the claimant's representative, if there is one." However, it is not sufficient to meet the requirements imposed upon the Secretary by his own regulations.

Pursuant to 38 C.F.R. § 19.121(a) (1991) (superseded by 57 Fed.Reg. 4106 (1992) (to be codified at 38 C.F.R. § 19.30(a))), "[t]he statement of the case will be forwarded to the appellant at the latest address of record **and a separate copy provided to the representative (if any)**" (emphasis supplied). Here, there is neither evidence in the record nor argument by the Secretary that "a separate copy" was sent to Mr. Katz. While it might be understandable that a copy would not be sent because of the belief that appellant had not designated Mr. Katz as his representative, as noted above any such belief would have been erroneous. We are unable to conclude, therefore, that the Statement of the Case was mailed to appellant and his designated representative in the manner prescribed by 38 U.S.C. § 7105(d)(3) and 38 C.F.R. § 19.-121(a). Accordingly, the sixty-day period within which to respond did not commence to run on June 6, 1985. *Cf., Ashley v. Derwinski*, 2 Vet.App. 62, 67 (1992) (*Ashley I*).

### C.

■ Under 38 U.S.C. § 7105(d)(3), a claimant has sixty days to respond to a Statement of the Case or to request additional time to respond. The response time of sixty days commences to run from the date the Statement of the Case is "**mailed**". *See* 38 U.S.C. § 7105(d)(3); 38 C.F.R. § 19.129(b) (1991) (superseded by 57 Fed.Reg. 4113 (1992) (to be codified at 38 C.F.R. § 20.302(b))). However, that same statute only permits an agency of original jurisdiction to close a case for failure to respond after "**receipt**" of the Statement of the Case. *See* 38 U.S.C. § 7105(d)(3); *cf.*, 38 C.F.R. § 19.124 (1991) (superseded by 57 Fed.Reg. 4107 (1992) (to be codified at 38 C.F.R. § 19.32)) (case may be closed if no response; no mention of statutory requirement of "receipt"). There is no statutory authority allowing an agency of original jurisdiction to close a case for lack of response to a Statement of the Case unless an appellant, and the appellant's representative if there is one, received the Statement of the Case.

The only evidence pertaining to receipt of the June 6, 1985, Statement of the Case is the letter dated April 30, 1989, to the BVA from appellant's sister. R. at 96–98. She reports that neither appellant nor his representative had received the Statement of the Case mailed on June 6, 1985, and that it was only after the appellant inquired into the status of his appeal that he was told that his case had been closed for failure to respond to the Statement of the Case. *Id.* The letter specifically states that appellant "requested (on a V.A. Form 07–3288) dated 12–5–85 (# 15), that the V.A. give him a copy of the 'Statement of the Case'. This was received by Mr. Katz on 12–12–85." *Id.* The referenced document (VA Form 07–3288) appears in neither the Record on Appeal nor the Supplemental Record on Appeal; nor is there before this Court a record of appellant's inquiry as to the status of his appeal during or prior to December 1985.

In its April 25, 1990, decision, the BVA remanded the matter to the RO for the specific purpose of reviewing the statement of appellant's sister and the attachments thereto. R. at 101. The ensuing rating (R. at 103) and Supplemental Statement of the Case (R. at 106–08) found no basis for changing the rating, but made only superficial statements concerning the new evidence and did not discuss the statutory requirements of mailing and receipt. Moreover, even though the BVA felt itself compelled in 1990 to remand to permit consideration of the letter from appellant's sister "with many attachments, not all of which are included elsewhere in the claims file ..." (*Kuo*, BVA ——, at 2; R. at 101), in

its decision of February 25, 1991, the BVA fails even to mention the sister's letter or the attachments which it found in 1990 to "directly pertain[ ] to the effective date issue on appeal." R. at 101. Nor does the BVA provide reasons or bases for rejecting the statements in the letter from appellant's sister to the effect that the June 6, 1985, Statement of the Case was not received and that appellant continually inquired into the status of his appeal. Nor does the BVA decision of February 25, 1991, mention or discuss the requirement of statute that a claim can only be closed "after receipt of the statement of the case." 38 U.S.C. § 7105(d)(3). Perhaps the BVA, like this Court, was hampered by the absence of the referenced attachments in the record. Again, a remand will enable the Board to cure these defects.

### III.

The BVA denied appellant an effective date earlier than January 24, 1986, on the ground that appellant's failure to respond to the June 6, 1985, Statement of the Case within the statutory and regulatory sixty-day period rendered final the 0% rating of February 1984. The Court concludes that, based upon record presently before the Court, the BVA's factual and legal analyses are flawed and the proffered reasons or bases are insufficient to sustain its decision.

A remand is necessary to permit the Board the opportunity to gather all of the relevant evidence and documents; to consider the governing statutes, regulations and jurisprudence of this Court and to perform "a critical examination of the justification for the decision. The Court expects that the BVA will reexamine the evidence of record, seek any other evidence the Board feels is necessary, and issue a timely, well-supported decision in this case." *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991).

Accordingly, the motion of the Secretary for summary affirmance is DENIED, the February 25, 1991, decision of the Board is VACATED and the matter is REMANDED pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)) to permit further development and readjudication.

*It is so Ordered.*