Citation Nr: 1829760 
Decision Date: 07/23/18 Archive Date: 08/02/18

DOCKET NO. 18-20 665 ) DATE
 )
 )


THE ISSUE

Entitlement to revision of an October 31, 2017, Board decision denying entitlement to service connection for spondylolisthesis with arthritis of the thoracolumbar spine and sciatic radiculopathy on the basis of clear and unmistakable error (CUE).


REPRESENTATION

Moving party represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Tracie N. Wesner, Counsel


INTRODUCTION

The Veteran served on active duty in the United States Navy from June 1960 to January 1965. This matter is before the Board as an original action on the motion of the Veteran in which he alleges CUE in an October 31, 2017, Board decision that denied entitlement to service connection for spondylolisthesis with arthritis of the thoracolumbar spine and sciatic radiculopathy.


FINDINGS OF FACT

1. In an October 31, 2017, decision, the Board denied the Veteran's claims of entitlement to service connection for spondylolisthesis with arthritis of the thoracolumbar spine and sciatic radiculopathy.

2. The correct facts, as they were known at the time of the October 31, 2017, decision were before the Board, and the statutory or regulatory provisions extant at the time, were correctly applied.


CONCLUSION OF LAW

The October 31, 2017, Board decision denying entitlement to service connection for spondylolisthesis with arthritis of the thoracolumbar spine and sciatic radiculopathy was not clearly and unmistakably erroneous. 38 U.S.C. § 7111; 38 C.F.R. §§ 20.1400, 20.1403.


REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran alleges CUE in the Board's October 31, 2017, decision, asserting that the Board failed to correctly apply the presumption of soundness and based its decision "on false facts and erroneous assumptions." He contends that there is no evidence that the condition of spondylolisthesis pre-existed his active duty service and that the Board erred in finding that his diagnosed spondylolisthesis in service was congenital. He argues that he was diagnosed with spondylolisthesis in service in January 1959, that spondylolisthesis was also diagnosed in 2014 and 2015, and that the Board should have afforded more probative value to the positive nexus opinions provided by his treating doctors. He also argues that the Board used the wrong standard in determining his service connection claims, applying the equipoise standard (at least as likely as not) when it should have "used the 'clear and unmistakable [evidence]' test as required when there is a presumption of [s]oundness." See February 2018 Motion for Revision. The Veteran also contends that the Board erred in relying on the 2015 VA examiner's medical opinion, listing five (5) reasons why he finds this examiner's opinion to be inadequate. 

Under 38 U.S.C. § 7111, a prior Board decision may be reversed or revised on the grounds of CUE. Motions for review of prior Board decisions on the grounds of CUE are adjudicated pursuant to the Board's Rules of Practice at 38 C.F.R. §§ 20.1400-1411. The motion alleging CUE in a prior Board decision must set forth clearly and specifically the alleged CUE, or errors of fact or law in the Board decision, the legal or factual basis for such allegations, and why the result would have been different but for the alleged error. 38 C.F.R. § 20.1404(b).

The determination of whether a prior Board decision was based on CUE must be based on the record and the law that existed when that decision was made. 38 C.F.R. § 20.1403(b)(1). CUE is a very specific and rare kind of error. It is the kind of error, of fact or law, that when called to the attention of later reviewers compels the conclusion, to which reasonable minds could not differ, that the result would have been manifestly different but for the error. Generally, either the correct facts, as they were known at the time, were not before the Board, or the statutory and regulatory provisions extant at the time were incorrectly applied. 38 C.F.R. § 20.1403(a); see also Fugo v. Brown, 6 Vet. App. 40, 43 (1993).

To warrant revision of a Board decision on the grounds of CUE, there must have been an error in the Board's adjudication of the appeal that, had it not been made, would have manifestly changed the outcome when it was made. If it is not absolutely clear that a different result would have ensued, the error complained of cannot be CUE. 38 C.F.R. § 20.1403(c); see also Bustos v. West, 179 F.3d 1378, 1380-81 (Fed. Cir. 1999) (expressly holding that in order to prove the existence of CUE, a claimant must show that an error occurred that was outcome-determinative, that is, an error that would manifestly have changed the outcome of the prior decision).

Examples of situations that are not CUE include a new medical diagnosis that "corrects" an earlier diagnosis considered in a Board decision; the Secretary's failure to fulfill the duty to assist; and disagreement as to how the facts were weighed or evaluated. 38 C.F.R. § 20.1403(d). CUE does not include the otherwise correct application of a statute or regulation where, subsequent to the Board decision, there has been a change in the interpretation of the statute or regulation. 38 C.F.R. § 20.1403(e). 

As a threshold matter, the Board finds that the arguments advanced by the Veteran allege CUE with the requisite specificity in light of the Board's duty to read the Veteran's submissions sympathetically. See 38 C.F.R. § 20.1404(b); see Andrews v. Nicholson, 421 F.3d 1278, 1282 (Fed. Cir. 2005). Further the manifestly changed outcome may be inferred from the pleadings, even though not explicitly stated. See Canady v. Nicholson, 20 Vet. App. 393, 401-02 (2006).

The Board finds that the correct facts, as they were known at the time of the October 31, 2017, decision were before the Board, and the statutory or regulatory provisions extant at the time were correctly applied. As noted by the Board in the October 2017 decision, in order to establish service connection for a present disability the claimant must show the existence of a present disability, an in-service incurrence or aggravation of a disease or injury, and a causal relationship or "nexus" between the present disability and the in-service injury or disease. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). The Board noted that the first two elements of service connection, i.e. a current disability and an in-service injury, were met because the evidence showed that the Veteran has current diagnoses of spondylolisthesis and degenerative disc disease and his service treatment records (STRs) show that the Veteran injured his back while playing soccer in November 1958 and January 1959 and again in January 1961 while playing basketball. The Board stated that the November 1958 and January 1959 STRs showed sacralization of the lumbosacral spine with spina bifida occulta and bilateral spondylosis and spondylolisthesis. The Board then weighed the medical opinions of record and found the June 2008 and January 2015 VA examiners' opinions were more probative than the July 2013 private opinion from spine practitioner T.W. and Dr. D.D., and the July 2015 private opinion from Dr. A.D. The Board concluded that the most probative evidence of record shows no nexus between the Veteran's in-service back injuries and his current back disorders. 

Contrary to the Veteran's assertion, the Board did not fail to apply the presumption of soundness and did not deny the Veteran's service connection claims on the basis that spondylolisthesis was a congenital defect. Instead, the Board found that there was insufficient evidence of a causal nexus between the injury that the Veteran suffered in service and his currently diagnosed low back disorder. The Board did note that the Veteran "has a history of a congenital defect in the form of spina bifida occulta," thereby acknowledging the STRs showing a diagnosis of a reportedly "congenital" defect; however, the Board specifically found that there is no medical evidence of a current diagnosis of spina bifida occulta, and thus found that service connection for such a disorder was not warranted. The Board did not find that the Veteran's bilateral spondylosis and spondylolisthesis diagnosed in service were congenital defects or existed prior to service. The Board found that these conditions were incurred during service, but ultimately found that they were not related to the Veteran's current low back disorders. 

The presumption of soundness relates to the second element of service connection: the showing of in-service incurrence or aggravation of a disease or injury. Horn v. Shinseki, 25 Vet. App. 231, 236 (2012) (citing Holton v. Shinseki, 557 F.3d 1362, 1367 (Fed. Cir. 2009); Maxson v. West, 12 Vet. App. 453, 460 (1999) (application of presumption of aggravation satisfies incurrence or aggravation element)). "In order to invoke the presumption of soundness, a claimant must show that he or she suffered from a disease or injury while in service." Horn, 557 F.3d at 1367 (internal citation omitted). "Thereafter, except for conditions noted at induction, the presumption of soundness ordinarily operates to satisfy the second Shedden requirement without further proof." Id. Here, although the Board did not explicitly state in its decision that the presumption of soundness applied, it is clear in the decision that the Board applied this presumption because the Board explicitly found that the Veteran suffered from bilateral spondylosis and spondylolisthesis in service as a result of injuries while playing soccer. The Board did not suggest that either of these conditions preexisted service. Thus, it did not undertake any analysis as to whether the presumption of soundness had been rebutted. 

Because it was not necessary for the Board to address whether the presumption of soundness had been rebutted in this case, it was not an error for the Board to apply the equipoise standard. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

The Veteran's argument that the Board's October 2017 decision is based on "false facts and erroneous assumptions" is essentially a disagreement as to how the facts were weighed or evaluated by the adjudicator. He asserts that the Board should have afforded more probative weight to the private medical opinions he submitted in support of his claim, arguing that the 2015 VA examination was inadequate. See February Motion for Revision. However, "[i]t is the prerogative of the factfinder . . . to interpret the evidence and draw reasonable inferences from it." Evans v. McDonald, 27 Vet. App. 180, 187 (2014) (citing Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011); Gilbert v. Derwinski, 1 Vet. App. 49, 52 (1990)). A disagreement as to how the facts were weighed does not support a finding of CUE. Fugo, 6 Vet. App. at 43-44. 

To the extent that the Veteran argues that the Board failed to fully discharge the duty to assist by not obtaining an "adequate" VA medical opinion, the Board notes that a breach of the duty to assist cannot constitute CUE. Cook v. Principi, 318 F.3d 1334, 1345-47 (Fed. Cir. 2002); see also Caffrey, 6 Vet. App. at 384. As noted by the United States Court of Appeals for the Federal Circuit ("Federal Circuit") in Cook, the requirements that a clear and unmistakable error be both outcome determinative and based on the record that existed at the time of the original decision make it impossible for a breach of the duty to assist to form the basis for a CUE claim. Cook, 318 F.3d at 1346. 

Finally, the Veteran's representative argues that by committing a "grave procedural error," the Board's decision did not become final. See June 2018 Motion for Revision. The representative asserts that in cases of "grave procedural error," the Court of Appeals for Veterans Claims has consistently held that Board decisions are not final for purposes of direct appeal. See id (citing to Tablazon v. Brown, 8 Vet. App. 359, 361 (1995); Hauck v. Brown, 6 Vet. App. 519 (1994); Kuo v. Derwinski, 2 Vet. App. 662 (1992); Ashley v. Derwinski, 2 Vet. App. 307 (1992)). However, in 2002, the Federal Circuit specifically addressed the issue of whether a "grave procedural error" vitiated finally, and held that it did not. In addressing this issue, the Federal Circuit overruled the holding of Hayre v. West, 188 F.3d 1327 (Fed. Cir. 1999) that the finality of a VA decision is vitiated if the VA commits a "grave procedural error." Cook v. Principi, 318 F.3d 1334, 1339 (Fed. Cir. 2002) (holding that the relevant statutes provide only two exceptions to the rule of finality, and that there is nothing in the legislative history of the pertinent statutes indicating that Congress intended to allow additional exceptions to the finality of VA decisions based upon "grave procedural error"). Thus, the Board does not find that revision of the October 31, 2017, Board decision is warranted on this basis.

In light of the foregoing, the Board finds that the Veteran has not established that any of the correct facts, as they were known at the time, were not before the Board on October 31, 2017, and has not shown that, but for incorrect application of statutory or regulatory provisions, the outcome of the claim would have been manifestly different. Accordingly, the Board concludes that there was no CUE in the October 31, 2017, Board decision denying entitlement to service connection for spondylolisthesis with arthritis of the thoracolumbar spine and sciatic radiculopathy.


ORDER

The Veteran's motion to revise or reverse the October 31, 2017, Board decision denying entitlement to service connection for spondylolisthesis with arthritis of the thoracolumbar spine and sciatic radiculopathy, is denied.



 ____________________________________________
 STEVEN D. REISS
 Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs