**Clifford S. HAUCK, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–239.

United States Court of Veterans Appeals.

June 17, 1994.

Diane Boyd Rauber, Ruth Eisenberg, Stephanie Forester, and Gershon M. Ratner, Washington, DC, were on the brief for the appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Jacqueline E. Monroe, Washington, DC, were on the brief for the appellee.

Before FARLEY, MANKIN, and STEINBERG, Judges.

PER CURIAM:

In a decision dated October 17, 1990, the Board of Veterans' Appeals (BVA or Board) denied the claim of Clifford S. Hauck (appellant) for an increased rating for post-traumatic stress disorder (PTSD), currently rated as 50% disabling, and denying entitlement to a total evaluation under 38 C.F.R. § 4.29 (1993) for a service-connected disability requiring hospital treatment or observation subsequent to July 31, 1988. The appellant appeals only the Board's denial of the increased PTSD rating claim. The separate issue of total disability due to individual unemployability (TDIU) has also been raised before the VA and in the parties' briefs before this Court. This appeal was referred to a panel for resolution of a jurisdictional issue. The appellant has conceded that a timely Notice of Disagreement (NOD) concerning the claim for TDIU was not filed; therefore, the only issue is whether a valid and jurisdiction-conferring NOD was filed in connection with the denial of the claim for an increased rating for PTSD.

**Factual Background and Analysis**

In January 1987, the appellant received a 10% disability rating for PTSD which was raised to 30% by the BVA in December 1987. In March 1988, the appellant filed a Statement in Support of Claim which primarily related to other pending claims, but also contained a request that the Regional Office (RO) "[p]lease consider an increase" for the appellant's PTSD which "is getting worse." The appellant's request regarding his PTSD rating constituted a claim for an increased rating which is a new claim, not a reopened claim. *See Stanton v. Brown,* 5 Vet.App. 563, 565 (1993); *Proscelle v. Derwinski,* 2 Vet.App. 629, 631 (1992). The earliest rating decision on the appellant's claim for an increased rating contained in the record is a letter dated September 29, 1988, from the RO which advised the appellant that his hypertension and TDIU claims previously had been denied, the latter because his

PTSD "did not warrant an increase." It is not clear whether this statement was intended merely to provide the context for the TDIU denial or to deny the claim for an increased rating; the letter, however, does document that the appellant had not been notified of the previous denials.

Because the appellant never received notification of any denial prior to the September 29, 1988, letter, the one-year period within which to file an NOD, which commences with "the date of mailing of notice of the result of initial review or determination," did not begin to run until, at the earliest, the date of the letter. *See* 38 U.S.C. § 7105(b)(1); *Rowell v. Principi*, 4 Vet.App. 9, 15 (1993); *cf. Ashley v. Derwinski*, 2 Vet.App. 307, 311 (1992) (since BVA did not mail decision in accordance with the provisions of 38 U.S.C. § 7104(e), the 120–day period within which to appeal to this Court did not commence to run). The appellant's parenthetical characterization on a VA Form 1–9 dated August 7, 1988, of his claim for an increased rating as being in "appellate status" is not controlling in light of the absence of a record of a prior adjudication by an agency of original jurisdiction and the concession of lack of notice in the RO's September 29, 1988, letter. For the same reasons, the August 7, 1988, Form 1–9 cannot be deemed to be an NOD: the appellant had not yet received notice of an adjudication with which he could disagree. The first actual RO rating decision in the record on the claim for an increased rating, dated February 28, 1989, "incorporated herein by reference" the hearing officer's decision dated January 9, 1989, which had reviewed all of the appellant's claims and determined, inter alia, that the appellant was entitled to a 50% rating for PTSD. By letter dated March 24, 1989, the appellant's representative filed an NOD with the 50% rating.

■ In order for jurisdiction to lie with this Court, a claimant must have filed a valid NOD with the RO on or after November 18, 1988. Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note); 38 U.S.C. § 7105(b)(1). An NOD is a "written communication from a claimant or his or her representative expressing dissatisfaction or disagreement with an adjudicative determination by the agency of original jurisdiction and a desire to contest the result." 38 C.F.R. § 20.201 (1993). Regardless of whether the earliest denial of the new claim for an increased rating was the RO's September 29, 1988, letter or its February 28, 1989, rating decision, the only subsequently filed NOD in the record is the letter from the appellant's representative dated March 24, 1989, expressing disagreement with the RO's February 28, 1989, denial of a rating increase. Since that letter was filed after November 18, 1988, the filing was timely and vests this Court with jurisdiction. *See Hamilton v. Brown*, 4 Vet.App. 528 (1993).

### Conclusion

The Court thus holds that the March 24, 1989, letter from the appellant's representative is a valid NOD conferring jurisdiction upon this Court to reach the merits of the PTSD issue in the appellant's appeal. Accordingly, the Court will proceed separately to review the appellant's appeal as to his PTSD claim. The matter reverts to Judge Mankin for a decision on the merits.