# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1169

ANTHONY R. SAGNELLA,                                                    APPELLANT,

    V.

TOGO D. WEST, JR.,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.


Before KRAMER,  IVERS, and STEINBERG, *Judges*.

## O R D E R

On September 22, 1999, the Court, in a single-judge memorandum decision, affirmed in part the March 16, 1998, decision of the Board of Veterans' Appeals (Board or BVA).  On October 29, 1999, the appellant, through counsel, filed a motion for reconsideration or a decision by a panel.  For the reasons that follow, the Court will deny the appellant's alternative motions.

In his motion for reconsideration, the appellant's primary assertion is that he was never afforded the opportunity to contest the effective date assigned to his rating for total disability based on individual unemployability (TDIU).  In response to these arguments, the Court reiterates that the Court has no jurisdiction over the effective date for a TDIU rating because there is no jurisdiction-conferring Notice of Disagreement (NOD).  *See* Veterans' Judicial Review Act, Pub. L. No. 100-687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note).  Nevertheless, the Court notes that, to the extent that the appellant is asserting that he was not properly provided with notice of the VA regional office (RO) decision that awarded a TDIU rating and assigned an effective date, it appears that the appellant's TDIU claim was referred to the RO by the Board in its February 1997 decision (Record (R.) at 362) and that, after a subsequent decision in which the RO awarded a TDIU rating and assigned an effective date (R. at 379), the appellant may have been improperly notified that the matter would be returned to the BVA (along with claims that had been remanded by the BVA in its February 1997 decision) (R. at 383).  In so noting, however, the Court does not make any conclusions as to whether the RO committed any errors in processing the appellant's TDIU claim, nor does the Court make any conclusions as to whether, if an error occurred, it would require the RO now to provide notice of that decision or would permit the present filing of an NOD.  *See Mindenhall v. Brown*, 7 Vet.App. 271, 274 (1994) (RO must mail to appellant decision and notification of procedural and appellate rights; NOD must be filed within one year from date of mailing); *Hauck v. Brown*, 6 Vet.App. 518, 519 (1994) (where appellant "never received notification of any denial . . . , the one-year period within which to file an NOD, which commences with 'the date of mailing of notice of the result of initial review or determination,' did not begin to run").

Upon consideration of the record on appeal and the foregoing, it is by the single judge

ORDERED that the motion for reconsideration is DENIED.  It is by the panel

ORDERED that the motion for a decision by a panel is DENIED.

DATED:      Februarty 14, 2000                    PER CURIAM.