PROST, Circuit Judge.
 

 On August 5, 1994, Allan S. Matthews, a veteran of the United States Navy, submitted a claim for post traumatic stress disorder with the Veterans Administration (the “VA”) regional office (the “RO”). In March 2002, Mr. Matthews was awarded a 100% service connected disability rating, which was effective from the date of his claim in 1994. The retroactive benefits were calculated by dividing the time from 1994 to 2002 into nine time periods. The VA awarded Mr. Matthews the monthly compensation rate in effect during each time period. Mr. Matthews disputed this method used to calculate his benefits arguing that his past due benefits should all be calculated by applying the monthly compensation in effect in 2002 to the entire period from 1994 to 2002. On March 4, 2004, the Board of Veterans’ Appeals (the “Board”) found that Mr. Matthews was not entitled to any additional compensation and the decision was subsequently affirmed by the United States Court of Appeals for Veterans Claims (the “CAVC”). We agree with the CAVC that this case is governed by our precedent in
 
 Sandstrom v. Principi,
 
 358 F.3d 1376, 1380 (Fed.Cir.2004), and therefore we affirm.
 

 I.
 

 Compensation for a disability rating is governed by 38 U.S.C. § 1114. This statute has been amended periodically in an effort to increase the monthly compensation to keep pace with cost of living in
 
 *1379
 
 creases. In this case, Mr. Matthews was awarded a 100% disability rating in 2002 that dated back to his original 1994 claim.
 
 See
 
 38 U.S.C. § 1114© (2000). In calculating Mr. Matthews’s past due retroactive benefits, the VA divided the time from 1994 to 2002 into nine time periods corresponding to the amendments of the statutory compensation. For each time period, Mr. Matthews was awarded the monthly compensation rate from the then-current version of 38 U.S.C. § 1114©.
 

 Before the CAVC, Mr. Matthews argued that this method of computing his retroactive compensation was incorrect as it conflicted with the plain language of the statute. The 2002 version of the statute states that “if and while the disability is rated as total the monthly compensation shall be $2,163.”
 
 Id.
 
 § 1114. Mr. Matthews argued that this monthly compensation of $2,163 should be applied to both his ongoing monthly compensation as well as to his retroactive compensation. Thus, instead of using the previous versions of 38 U.S.C. § 1114© and their lower compensation rates, Mr. Matthews argued that the VA was required to calculate his entire eight years of past due compensation with the 2002 statutory amount.
 

 The CAVC disagreed, relying on
 
 Sand-strom v. Principi
 
 for its holding that 38 U.S.C. § 1114 does not require that retroactive benefits be calculated based on the statute’s current amount of compensation. 358 F.3d at 1380. Mr. Matthews argued, however, that
 
 Sandstrom
 
 was distinguishable because it involved an award of retroactive benefits due to a finding of clear and unmistakable error (“CUE”) and his case did not. Nonetheless, the CAVC found that the “difference in the procedural history [between
 
 Sandstrom
 
 and this case] as to this claim is irrelevant and
 
 Sandstrom
 
 is controlling.”
 
 Matthews v. Nicholson,
 
 19 Vet.App. 510 (Vet.App.2005). Accordingly, the CAVC affirmed the Board decision. Mr. Matthews appealed that decision to this court. We have jurisdiction under 38 U.S.C. § 7292(a).
 

 II.
 

 In reviewing a CAVC decision, this court decides “all relevant questions of law, including interpreting constitutional and statutory provisions” and must set aside any regulation or interpretation thereof “other than a determination as to a factual matter” relied upon by the Veterans Court that it finds to be “(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law.” 38 U.S.C. § 7292(d)(1) (2000). This court reviews legal determinations of the CAVC under a de novo standard.
 
 Prenzler v. Derwinski
 
 928 F.2d 392, 393 (Fed.Cir.1991).
 

 On appeal, Mr. Matthews bases his arguments for an increased award solely on an interpretation of 38 U.S.C. § 1114 and its statement that “if and while the disability is rated as total the monthly compensation shall be $2,163.” 38 U.S.C. § 1114 (2000). He argues that the text of § 1114 plainly directs all compensation whether ongoing or retroactive to be calculated with the dollar amount stated in the current version of the statute.
 

 Furthermore, Mr. Matthews argues that
 
 Sandstrom
 
 is distinguishable and the CAVC erred when it relied on
 
 Sandstrom.
 
 He points out that, even though
 
 Sand-strom
 
 also dealt with a dispute over the method of calculating past due benefits, Sandstrom was arguing that he was entitled to interest on his past due benefits based on an interpretation of 38 U.S.C.
 
 *1380
 
 § 5109A(b).
 
 See Sandstrom,
 
 358 F.3d at 1377. In this case, Mr. Matthews argues that he is neither seeking interest nor premising his increased award on an interpretation of 38 U.S.C. § 5109A(b) and thus
 
 Sandstrom
 
 is not controlling. We disagree and find
 
 Sandstrom
 
 is controlling in this case.
 

 Although
 
 Sandstrom
 
 does reject the argument that retroactive benefits should include interest based on an interpretation of 38 U.S.C. § 5109A(b), in that case this court was also presented with and rejected an interpretation of 38 U.S.C. § 1114 identical to the one made by Mr. Matthews. In
 
 Sandstrom
 
 we stated that:
 

 Sandstrom also argues that he is simply requesting payment of the dollar amount written into the version of 38 U.S.C. § 1114(n) in effect at the time of the CUE correction. This argument would be tantamount to reading the statute’s incorporation of an explicit dollar amount as a waiver of sovereign immunity and as an expression of a willingness to compensate veterans disadvantaged by a CUE in real, rather than in nominal, dollars.
 
 This argument fails because § lili does not address the issue of retroactive payments
 
 ....
 

 358 F.3d at 1380 (emphasis added). This is the same argument made by Mr. Matthews, and just as in
 
 Sandstrom,
 
 Mr. Matthews’s argument fails because 38 U.S.C. § 1114 applies only to current monthly payments; it “does not address the issue of retroactive payments.”
 
 Id.
 
 The CAVC properly applied
 
 Sandstrom
 
 to this case and it properly denied Mr. Matthews’s claim for increased retroactive benefits.
 

 III.
 

 The CAVC properly applied our precedent in
 
 Sandstrom
 
 to this case. The version of 38 U.S.C. § 1114 that is in force when a retroactive benefit is awarded is not used in calculating retroactive awards dating back to periods with previous versions of 38 U.S.C. § 1114.
 

 AFFIRMED