# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 01-1332

Leonard T. Sutton, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided   September 20, 2006     )

*Kathy A. Lieberman*, of Washington, D.C., was on the brief for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Joan E. Moriarty*, Deputy Assistant General Counsel; and *Debra L. Bernal*, all of Washington, D.C., were on the brief for the appellee.

Before MOORMAN, LANCE, and SCHOELEN, *Judges*.

LANCE, *Judge*: The appellant, veteran Leonard T. Sutton, appeals through counsel a July 19, 2001, decision of the Board of Veterans' Appeals (Board) that (1) denied entitlement to an effective date earlier than July 31, 1998, for the assignment of a 40% disability rating for the appellant's service-connected chronic lumbosacral strain, and (2) remanded an additional claim. Record (R.) at 1-21. As to the remanded claim, the Court does not have jurisdiction over that claim and the appellant makes no argument with respect to it. *See Link v. West*, 12 Vet.App. 39, 47 (1998); *Marlow v. West*, 11 Vet.App. 53, 55 (1998). As to the denied claim, this appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons that follow, the Court will affirm the decision of the Board.

## I. FACTS

The veteran served on active duty in the U.S. Army from September 1966 to August 1968. R. at 23. His service medical records reflect that he injured his back in October 1967 while changing a tire. R. at 39. In January 1969, a VA regional office (RO) granted service connection for chronic lumbosacral strain and assigned a 10% disability rating. R. at 84.

In August 1992, the RO denied a July 1992 claim for an increased disability rating. R. at 301, 316-17. On appeal, the Board remanded his claim in November 1995. R. at 354-57. The remand decision included instructions that, if a 40% disability rating was not granted on remand, then a Supplemental Statement of the Case (SSOC) should be issued and the matter returned to the Board for further consideration. R. at 357. Following a VA compensation and pension examination in March 1997 (R. at 718-30), the RO issued a rating decision on June 16, 1997, granting the appellant a 20% disability rating for his back condition, effective from July 1992 (R. at 732-34). Also on June 16, 1997, pursuant to the November 1995 remand decision, the RO issued an SSOC with a cover letter addressed to the appellant concerning the decision. R. at 736-38. A comparison of the rating decision and the SSOC reveals that the evidence listed and the analysis included in the respective "Reasons and Bases" sections are word-for-word the same. R. at 732-33, 737-38.

The appellant testified at a personal hearing on the matter in July 1997. R. at 740-49. The appellant's representative, in guiding the appellant's presentation, established that the appellant had received either a copy of the June 16, 1997, rating decision or the SSOC of the same date, but did not clarify which one. R. at 741. After that hearing, on August 21, 1997, a second SSOC was sent to the appellant continuing the prior rating decision. R. at 747-49. The appellant responded to this SSOC on August 27, 1997, with a handwritten statement in support of his claim. R. at 751. This was followed in September 1997 by a four-page typewritten letter from the appellant's representative setting forth his disagreement with the decision. R. at 754-77. Finally, in October 1997 the appellant's representative submitted an informal hearing presentation to the Board restating his analysis of the evidence. R. at 760-61. In December 1997, the Board denied entitlement to a rating in excess of 20% for chronic lumbosacral strain. R. at 763-73.

As part of the implementation of the 1997 rating decision, in July 1998, the RO advised the appellant by letter that the disability rating for his back condition had been increased from 10% to

20%.  R. at 775-76.  He submitted an "official Notice of Disagreement [NOD]" on July 31, 1998, in which he asserted that he deserved at least a 40% disability rating for his back condition.  R. at 778.  The RO rejected the communication as an NOD because the matter had already been the subject of an appeal in which the Board affirmed the 20% rating.  R. at 778 (*see* handwritten notation thereon).  A September 1998 letter from the RO advised the appellant that the December 1997 Board decision that had affirmed a denial of a rating in excess of 20% was final, but that his July 31, 1998, letter had been accepted as a reopened claim.  R. at 780.  After additional development, in March 2000, the decision review officer increased the disability rating for the appellant's back strain to 40%, effective from July 31, 1998, the date of the appellant's construed claim for an increase.  R. at 962-65.  Later that month, the appellant filed an NOD disagreeing with the effective date assigned for the increase.  R. at 970.

On appeal to the Board, the appellant argued in essence that he should be assigned an earlier effective date because the December 1997 Board decision was not final as a result of notice defect.  R. at 1003, 1008, 1020-21.  In its decision on appeal, the Board stated that the June 1997 RO rating decision was subsumed by the December 1997 Board decision and that the appellant was notified of the December 1997 Board decision and did not appeal it.  R. at 10-11.  Accordingly, the Board concluded that the appellant's July 1998 statement was a separate and new claim for purposes of determining the proper effective date for the increase in the appellant's disability rating.  R. at 12.  As a result, the Board affirmed the assignment of the July 1998 effective date.  R. at 3.

## II. ANALYSIS

### A. The Finality of the December 1997 Board Decision

The first argument that the appellant makes is that the Board incorrectly identified the claim that led to the grant of an increased rating.  Brief (Br.) at 6-10.  Generally, "the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor."  38 U.S.C. § 5110(a); *see Sears v. Principi*, 16 Vet.App. 244, 247 (2002); *Morris v. West*, 13 Vet.App. 94, 96 (1999); 38 C.F.R. § 3.400 (2005).

*1. The Issue Before the Court*

In the 2001 decision on appeal, the Board found that the appellant did not receive a copy of the June 1997 RO decision until July 1998–seven months after the December 1997 Board decision affirming the 20% disability rating.[1] R. at 10. The issue presented to the Court is whether the Secretary's failure to send a copy of the June 1997 RO decision to the appellant in a timely manner was an error that rendered the claim nonfinal so that the decision increasing his disability rating to 40% stems from the appellant's 1992 claim for the purpose of assigning an effective date under 38 U.S.C. § 5110. *See* Appellant's Br. at 6-10. The appellant argues that, due to a notice error, his prior claim for an increased rating was still pending and, therefore, the July 1998 correspondence was not a new claim. *Id.* The Secretary argues that the appellant was adequately notified of the June 1997 RO decision by the SSOC issued at the same time. Br. at 20.

The Board concluded that it was irrelevant whether the appellant had received a copy of the 1997 RO decision because that decision was subsumed by the 1997 Board decision. R. at 10. This analysis is incorrect. It is true that an appellant may not assert error in an RO decision that has been subsumed by a Board decision. *See Brown v. West*, 203 F.3d 1378, 1381 (Fed. Cir. 2000); 38 C.F.R. § 20.1104 (2005). However, the appellant's assertion that the Secretary failed to provide him a copy of the June 1997 RO decision was not an attack on the substance of the RO decision; it was an attack on the finality of the 1997 Board decision. Since this Court and the Federal Circuit have recognized some circumstances that might render a prior RO decision nonfinal, and appellant argues that application of that caselaw here would render a subsequent Board decision nonfinal, it was incumbent upon the Board to address this argument directly. *See Hauck*, *Ashley*, *Kuo*, *Tablazon*, and *Cook*, all *infra*. Accordingly, the Board's attempt in 2001 to avoid the issue was erroneous.

_____

[1]The basis for this finding is not clear. The 2001 Board decision does not discuss the presumption of regularity or cite any evidence in the record that would rebut the presumption that the June 1997 RO decision was properly mailed to the appellant. *Woods v. Gober*, 14 Vet.App. 214, 220 (2000). Nonetheless, the Court cannot review factual findings by the Board favorable to an appellant. *See* 38 U.S.C. § 7252(a) (the Secretary may not seek review of a Board decision); *Nolen v. Gober*, 222 F.3d 1356 (Fed. Cir. 2000) (Court may not revisit Board's favorable determination that claim is well grounded).

## 2. Whether There Was a Notice Error

The first aspect of the parties' dispute that the Court must address is whether it was error for the Secretary to fail to send the appellant a timely copy of the June 1997 RO decision. The appellant asserts that this was a notice error under 38 U.S.C. § 5104.[2] Section 5104, title 38, U.S. Code, requires the Secretary to provide to a claimant with *notice* of a decision affecting the provision of benefits. The statute requires that the notice include "a statement of the reasons for the decision," "a summary of the evidence considered," and "an explanation of the procedure for obtaining review." 38 U.S.C. § 5104. The statute itself does not state in what form the information must be provided. Nor does it specify a mandatory remedy for a violation.

Based on the plain language of the statute, the Court agrees with the Secretary that the June 1997 SSOC issued on the same day as the RO decision (R. at 737-38), which the appellant has conceded receiving (Br. at 2), was adequate to provide notice of the RO decision. The SSOC clearly notified the appellant that he was entitled to a 20% disability rating and clearly set forth the RO's analysis of the evidence and why it reached the conclusion that a 40% disability rating was not warranted. R. at 737-38. The SSOC was sent to the appellant with a cover letter explaining that the appellant's claim was being automatically returned to the Board for review. R. at 736. Hence, all three requirements of the statute were met by the SSOC.

The Court notes that the appellant makes no argument addressing the specific requirements of section 5104 or contending that the SSOC was not adequate to satisfy the statute. The apparent premise of the appellant's argument is that failure to send him a timely copy of the RO decision itself is error under the statute. However, this unsupported argument must be rejected as it would unnecessarily elevate form over substance. *See Guimond v. Brown*, 6 Vet.App. 69, 72 (1993). The essence of section 5104 is the requirement that a claimant be given notice adequate to allow an

---

[2]The appellant also argues that this was a "grave procedural error" under *Hayre v. West*, 188 F.3d 1327 (Fed. Cir. 1999). Br. at 8. After the appellant's brief was filed, *Hayre* was overruled by *Cook v. Principi*, 318 F.3d 1334, 1347 (Fed. Cir. 2002) (en banc). The Court notes that appellant's counsel has not filed a notice of supplemental authority under Rule 30(b) of this Court's Rules of Practice and Procedure and reminds her that her duty of candor toward the Court includes the duty to update her pleadings when authorities cited in the appellant's brief have been overruled. *See* MODEL RULE OF PROF'L CONDUCT R. 3.3(a)(2), (c) (2002) (as adopted by U.S. VET. APP. R. ADM. & PRAC. 4(a)).

appeal of the decision. The appellant received such notice in this case and neither the appellant's brief nor the record suggests that the appellant's rights were affected by the form of the notice. Accordingly, the Court concludes that it was not error under section 5104 to communicate the required information to the appellant through an SSOC rather than providing a timely copy of the decision itself.

The Court also concludes that the appellant's position does not gain any support from the regulation he cites. That provision, 38 C.F.R. § 3.104 (2005), states that an RO decision is "final and binding on all field offices of [VA]" as soon as notice under section 5104 is issued. Accordingly, the regulation speaks only to the effect of issuing notice under the statute. It explicitly refers to notice "in accordance with 38 U.S.C. § 5104" rather than adding any additional requirements.

Moreover, the Court notes that 38 C.F.R. § 19.31(a) (2005) states that an SSOC may not be used to "announce decisions . . . on issues not previously addressed" or "to respond to a[n NOD] on newly appealed issues." This implies that an SSOC is an appropriate vehicle for announcing a decision on an issue previously addressed, such as the rating decision in this case. Similarly, 38 C.F.R. § 19.38 (2005) provides that, in cases remanded by the Board, when the RO takes any action other than granting all benefits sought on appeal, the RO "will issue a[n SSOC]." However, nothing in § 19.38 requires the RO to issue anything other than an SSOC where less than the full award of benefits sought on appeal is granted. Thus, while a formal, separate RO decision was drafted in this case, §§ 19.31(a) and 19.38 suggest this step was not technically required because the SSOC was adequate to inform the appellant of the status of the previously decided claim. Hence, the failure to provide the appellant with the RO decision was not a procedural error in the absence of the decision having some relevant content that was not otherwise communicated to the appellant.

*3. Whether the Appellant Was Able to Challenge the 1997 RO Decision*

We have noted in the past that the Secretary's duty to provide an appellant notice of an RO decision is part of "the VA's nonadversarial claims system [that] is predicated upon a structure which provides for notice and an opportunity to be heard at virtually every step in the process." *Thurber v. Brown*, 5 Vet.App. 119, 123 (1993) (comparing these rights to the constitutional due process rights of a Social Security benefits recipient); *cf.* CHARLES H. KOCH, JR., 2 ADMIN. L. & PRAC. § 5.32 (2nd ed. 2006) ("It has long been established that due process requires notice reasonably calculated, under

6

all circumstances, to inform the private party of the nature of the government action so as to allow an opportunity to challenge the action."). Nonetheless, even if we were to assume in this case that the appellant did not get a timely copy of the 1997 RO decision, it is beyond dispute that he had notice and an opportunity to be heard before the 1997 Board decision.

The appellant's brief concedes that he was mailed a copy of the June 16, 1997, SSOC that was issued on the same day as the rating decision. Br. at 2. This concession is consistent with the appellant's July 1997 testimony at a hearing at the St. Petersburg, Florida RO where he acknowledged receiving either a timely copy of the rating decision or a copy of the SSOC. R. at 741. A comparison of the June 16, 1997, rating decision and the SSOC issued on the same day reveals that the evidence listed and the analysis included in the respective "Reasons and Bases" sections are word for word the same. R. at 732-33, 737-38. Accordingly, even if the appellant did not receive the RO decision, he received the exact information contained in the RO decision from another document issued on the same day.

Not only did the appellant receive notice of the contents of the June 1997 RO decision, he had ample opportunity to participate in the appeal of that decision. First, as mentioned above, after receiving the SSOC he testified at a personal hearing where he set forth his position that his back condition should have been rated as 40% disabling and discussed his symptoms and the relevant diagnostic codes with the hearing officer. R. at 740-44. Thereafter, he was sent a second SSOC on August 22, 1997, which provided an updated decision that considered his testimony at the personal hearing. R. at 746-49. The appellant acknowledged receipt of the second SSOC when he submitted a personal statement in support of his claim on August 27, 1997. R. at 751. He then presented a four-page statement from his representative in support of his claim attacking the "rating decision dated June 16, 1997," as "confirmed and continued" by the hearing officer. R. at 754-58. Finally, prior to the Board decision, he submitted a subsequent informal hearing presentation through his representative referencing the prior statement and stating that the "instant appeal is fully developed, and, as such is now ready for final Board adjudicatory action." R. at 760-61. Accordingly, it is beyond dispute that–despite not receiving a timely copy of the RO decision–the appellant was aware of the substance of the decision and, not only had the opportunity to be heard, but repeatedly took advantage of that opportunity before the 1997 Board decision was issued. Thus, because the

appellant was not denied notice and a fair opportunity to appeal the 1997 RO decision, there is no plausible basis to conclude that the 1997 Board decision is not final.

### 4. Cases Where VA Did Not Provide Notice of a Decision

This case is readily distinguishable from those cited by the appellant suggesting that the Board decision is nonfinal. The essence of the remedy requested by the appellant is that the Court invalidate the December 1997 Board decision and treat the present appeal as a continuation of the prior claim stream. The appellant bases this argument on *Hauck v. Brown*, 6 Vet.App. 518 (1994). However, *Hauck* is not on point. In *Hauck*, we held that the time to file an NOD was *tolled* because the appellant "never received notification of any denial." 6 Vet.App. at 519. However, we did not address whether any additional remedy was appropriate for a claimant who received Board review of his or her claim despite the notice error.

The appellant's reliance on the other cases he cites is similarly misplaced. In *Ashley v. Derwinski*, 2 Vet.App. 307, 308-09 (1992), the Court held that the Board's failure to properly mail its decision tolled the 120-day period for filing a Notice of Appeal (NOA) with this Court in a case where the NOA would not have been timely without such tolling. Subsequently, in *Kuo v. Derwinski*, 2 Vet.App. 662, 666 (1992), we rejected the Secretary's argument that a prior RO decision was final and held that the appellant's time to file a Substantive Appeal had not expired because the Secretary did not properly mail the SOC to both the appellant and his attorney. Finally, in *Tablazon v. Brown*, 8 Vet.App. 359, 360 (1995), we held that a prior RO decision was not final because the Secretary had not issued an SOC in response to the appellant's NOD.

In general, if a claim is denied by an RO, and the claimant does not file an NOD within one year, then RO decision becomes final and unappealable by operation of law. *See* 38 U.S.C. § 7105(b)(1); 38 C.F.R. §§ 3.160(d), 20.302(a) (2005). In each of the above cases, we held that the procedural clock had stopped because of the Secretary's failure to comply with mandatory notice requirements. The remedy that each of those appellants received was the opportunity to receive a merits decision on their appeal based on resuming the appellate process at the point where the Secretary had dropped the ball. By holding that the appeal period was tolled so long as the onus was on the Secretary to act, those decisions rejected the Secretary's argument that, by failing to act, the appellant had forfeited his right to Board review.

8

This case is distinguishable from the above cases in that there is no contention here that the appellant is bound by the RO decision because he failed to appeal it. Unlike the above cases, the claim in this case never left appellate status. *See Hamilton v. Brown*, 4 Vet.App. 528, 537-38 (1993) (appeal of claim still pending where Board remands with instructions to return matter to Board if full benefits not granted). It was placed in appellate status by the appellant's October 1992 NOD after the August 1992 RO decision. Although the matter was returned to the RO by the Board for a new decision, the claim was returned to the Board automatically after the June 1997 RO decision pursuant to the terms of the 1995 Board remand. R. at 357. Hence, the appellant was never in jeopardy of the June 1997 RO decision becoming final and unappealable because of his inaction. More importantly, unlike the appellants in *Hauck* and its siblings, the appellant here received a Board decision reviewing the RO decision at issue on the merits.

### 5. *The Effect of a Notice Error If Found to Exist*

Even assuming it was error for the Secretary to fail to timely send the appellant a copy of the June 1997 RO decision, it does not follow that this error warrants a conclusion that the subsequent Board decision should be considered nonfinal. The Court is required to take due account of the rule of prejudicial error. *See* 38 U.S.C. § 7261(b)(2); *Conway v. Principi*, 353 F.3d 1369, 1374-75 (Fed. Cir. 2004). In the absence of demonstrated prejudice, remand for a procedural error is not warranted. *See Marciniak v. Brown*, 10 Vet.App. 198, 201 (1997). Rather, the burden is on the appellant to demonstrate that the procedural error affected the substance of the affected decision. *See Berger v. Brown*, 10 Vet.App. 166, 169 (1997). Under the circumstances of this case, it is impossible for the Court to conceive how the appellant could have been prejudiced by not receiving a timely copy of the July 1997 RO decision where it is undisputed that he received the SSOC issued the same day with the same content and how he then made his case on appeal four separate times before a decision on the merits was issued. Given that the appellant has demonstrated neither error nor prejudice, the Court need not consider whether a notice error related to an RO decision would affect the finality of a subsequent, unappealed Board decision.

### B. Veterans Claims Assistance Act of 2000 Notice

The second argument advanced by the appellant is that his claim should be remanded because he did not receive adequate notice of how to substantiate his claim pursuant to the Veterans Claims

Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096. Br. at 10-11. Upon receipt of a complete or substantially complete application for benefits, the Secretary is required to inform the claimant of the information and evidence not of record (1) that is necessary to substantiate the claim, (2) that the Secretary will seek to obtain, if any, and (3) that the claimant is expected to provide, if any. *See* 38 U.S.C. § 5103(a); *Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002); 38 C.F.R. § 3.159(b) (2005). The Secretary is also required to "request that the claimant provide any evidence in the claimant's possession that pertains to the claim." 38 C.F.R. § 3.159(b)(1) (2005); *see Pelegrini v. Principi*, 18 Vet.App. 112, 121 (2004). However, this Court recently held that "the statutory scheme contemplates that once a decision awarding service connection, a disability rating, and an effective date has been made, section 5103(a) notice has served its purpose, and its application is no longer required because the claim has already been substantiated." *Dingess v. Nicholson*, 19 Vet.App. 473, 490 (2006). In this case, the appellant's claim was granted and assigned a disability rating and an effective date in a March 2000 decision review officer decision. R. at 962-65. Accordingly, it was already substantiated at the time section 5103(a) was enacted and the Secretary had no obligation to provide notice under the statute. *Id.* at 24.

### III. CONCLUSION

Accordingly, the July 19, 2001, Board decision is AFFIRMED.