LANCE: Judge,
dissenting:
While I agree with the black-letter law holding of the majority, I must respectfully dissent from its refusal to apply that holding to the facts of this case. The majority is correct that the Secretary’s evidentiary burden in a severance adjudication is the same as that on an appellant trying to demonstrate CUE in a prior decision. The evidence must be so convincing that “reasonable minds could not differ.” 38 C.F.R. § 20.1403(a) (2006). See, e.g., Fugo v. Brown, 6 Vet.App. 40, 43 (1993). In this case, the Board admitted that “there may be a different view of the evidence more favorable to the veteran.” R. at 7.1 do not see a way to read this statement without reaching the conclusion that the Board found that reasonable minds could differ as to how to interpret the evidence of record at the time of the Board’s January 1981 decision. This conclusion is disposi-tive and the Board cannot deny the appellant’s CUE motion on remand without vacating this finding. I see no reason why the Secretary should be awarded a gratuitous opportunity to revise his factual finding so it will conform with an outcome unfavorable to the veteran. Cf. 38 U.S.C. § 7252 (the Secretary may not seek review of Board decisions).
The majority argues “that allowance of a possibility that the facts could be viewed *491 differently is not equivalent to a finding of fact by the Board in 2004 that there was a different view of the evidence more favorable to the veteran.” Ante at 489. However, that assertion has no basis in the governing standard, which is “reasonable minds could not differ.” The Board’s comment reveals with certainty that it reviewed and considered the evidence of record at the time of the severance decision. Having done so, it is impossible to see how the Board on remand could conclude that “reasonable minds could not differ” about how to view the evidence after admitting that there may be a view favorable to the appellant. Logically, if the evidence was truly clear and undebatable, then the Board would have come to the conclusion that there was no possibility that the evidence could be viewed otherwise and would have made that finding instead.
The interpretation embraced by the majority results in the Board discussing the evidence in terms that are unrelated to any standard of proof known to veterans law. This is particularly curious given that the remainder of the sentence from the Board decision is phrased in terms of another well known standard: “There is a plausible basis in the evidentiary record for the Board’s January 1981 decision.” See, e.g., Karnas v. Derwinski, 1 Vet.App. 308, 311 (1991) (discussing the plausible-basis standard). There is simply no justification for creating a new standard where there may be alternative views of the evidence even though one of those views is undebatable. When an adjudicative body discusses the weight of the evidence before it, it is irrational to assume it did so in meaningless terms. If the Board’s decision was framed solely in terms of a standard that was insufficient to resolve the matter, then a remand would be appropriate. For example, if the Board’s comment on the evidence had been limited to the statement that “there is a plausible basis in the evidentiary record for the Board’s January 1981 decision,” then I could agree that a remand was appropriate as such a finding would simply be irrelevant to the governing standard. However, the majority goes beyond this to hold that the statement that “there may be a different view of the evidence more favorable to the veteran” is mere gibberish that can be edited out of the Board’s decision.
To the extent that the majority comments that “the very nature of a procedure to sever service connection presupposes that there were sufficient facts to initially confer service connection,” ante at 489, this is a red herring that tries to alter the nature of the Board’s admission. The Board did not say that there may be some evidence supporting service connection. (This, of course, will always be true in a severance proceeding.) The Board said there may be a view of the whole body of evidence favorable to the veteran. This evaluation of the whole evidentiary picture is not for the Court to second guess, ignore, or interpret away. Regardless of how flawed or unsupported by the record, once the Board has made a factual finding that favors the veteran, the Court must accept that finding even if the record is devoid of any evidence to support it. See Sutton v. Nicholson, 20 Vet.App. 419, 422 n. 1 (2006) (accepting the Board’s finding that the appellant did not receive an RO decision despite the lack of any analysis or evidence rebutting the presumption of regularity).
The unjustified remand in this case not only “perpetuates the hamster-wheel reputation of veterans law,” Coburn v. Nicholson, 19 Vet.App. 427, 434 (2006) (Lance, J., dissenting), but also risks depriving the appellant of the benefits that he should be awarded based on the factual finding already made by the Board. Even if the Board reaffirms its finding on remand and *492 grants the appellant’s CUE motion, the appellant will have been denied his rightful benefits for many additional months, if not years, without any remedy for this delay. See Matthews v. Nicholson, 456 F.3d 1377, 1380 (Fed.Cir.2006) (holding that no interest is paid on benefits awarded based on a finding of CUE). Accordingly, I would reverse the decision of the Board on appeal and remand the matter for an award of benefits based on the CUE in the 1981 Board decision.