TARANTO, Circuit Judge,
dissenting.
I would vacate the decision of the Court of Appeals for Veterans Claims and remand the matter for that court to reconsider its ruling on the non-constitutional “fair process” doctrine. The Veterans Court’s discussion leaves uncertain how it interpreted the doctrine. On this “rule of law” issue, 38 U.S.C. § 7292(a), it is advisable for the Veterans Court to provide clarification in the first instance.
Our jurisdictional grant covering this case, 38 U.S.C. §§ 7292(a), (d)(1), sharply limits what we may decide. Mr. Sprinkle has not presented a constitutional issue. He has presented only an argument based on a Department of Veterans Affairs (VA) regulation, 38 C.F.R. § 20.903(a), and an argument based on the “fair process” doctrine, which the Veterans Court derived from the statutory regime. Without a constitutional challenge before us, we have no jurisdiction to decide any disputed question of how the legal standards invoked by Mr. Sprinkle apply to his particular case. We may decide only whether the Veterans Court relied on an incorrect view of the legal standards Mr. Sprinkle invokes. See Munro v. Shinseki, 616 F.3d 1293, 1296 (Fed.Cir.2010); Forshey v. Principi, 284 F.3d 1335, 1351 (Fed.Cir.2002) (en banc).
The Veterans Court read 38 C.F.R. § 20.903(a) to apply only when the Board of Veterans’ Appeals has requested that a medical advisory opinion be furnished directly to it, not when the Board has remanded the case for the Regional Office to develop additional medical evidence, including by providing the claimant a medical examination. I see no error of law in that reading of the regulation, considered in its statutory and regulatory context. With no identified error of law in the interpretation of the regulation, there is no further role for us in reviewing Mr. Sprinkle’s regulation-based argument.
With respect to Mr. Sprinkle’s invocation of the “fair process” doctrine, the Veterans Court left unclear how it interprets the doctrine. The uncertainties may *1188 bear on its resolution of Mr. Sprinkle’s case. The following undisputed facts frame the legal question: acting under an order of the Board, the Regional Office gave Mr. Sprinkle a medical examination, which resulted in a medical report (J.A. 86); it provided him with a Supplemental Statement of the Case that partly described the report but did not quote it, and it did not give the report to Mr. Sprinkle (id. at 89-91); Mr. Sprinkle said that he had no further evidence to submit but then asked, repeatedly, for a large volume of VA records, a request that included the report (id. at 92-95, 96, 99); the VA agreed that he was entitled to the report and furnished it after six months (id. at 103); one month later, the Board relied on the report, specifically relying on statements in the report that do not appear in the Supplemental Statement of the Case (id. at 23-25); but neither before nor after receiving the requested report did Mr. Sprinkle ask the Board to postpone its ruling until he could both see the report and obtain any needed medical or other consultation to enable him to file an adequate response to it.
The Veterans Court made very limited points about the “fair process” doctrine in rejecting Mr. Sprinkle’s argument that the Board violated the doctrine by relying on evidence before he had been given a fair opportunity to respond to that evidence, where he had requested the evidence and the agency agreed that he was entitled to it. Sprinkle v. Shinseki, No. 10-3231, 2012 WL 573644, at *3-4, 2012 U.S.App. Vet. Claims LEXIS 284, at *8-10 (Vet.App. Feb. 23, 2012). The Veterans Court said that this case differed from Thurber v. Brown, 5 Vet.App. 119 (1993), because here, unlike in Thurber, the Regional Office issued a Supplemental Statement of the Case after the evidence at issue was developed. Id. at *3, 2012 U.S.App. Vet. Claims LEXIS 284 at *9. Relatedly, the Veterans Court stated that Mr. Sprinkle “did, in fact, have the opportunity to respond after receiving notice of evidence, as he had a total of 120 days after the [Supplemental Statement of the Case] was issued to submit new evidence.” Id. at *3, 2012 U.S.App. Vet. Claims LEXIS 284 at *9-10. That statement is not about the opportunity to respond in the month after the VA furnished Mr. Sprinkle the medical report; it is about the opportunity to respond to the Supplemental Statement of the Case that partly described the report. Id.
The Veterans Court’s analysis is trou-blingly incomplete about its understanding of the “fair process” doctrine. The analysis does not say that “fair process” is afforded if, but only if, a Supplemental Statement of the Case tells the claimant everything about the evidence that having the evidence would disclose. The Veterans Court may have avoided so limiting its reasoning about “fair process” because such a limited characterization of the doctrine might not decide this case: the Board undisputedly relied on statements in the medical report that were not described in the Supplemental Statement of the Case. See In re Sprinkle, No. 5-06 785A, slip op. at 6-7 (B.V.A. Jun. 3, 2010); J.A. 90. Similarly, the Veterans Court did not limit its description of “fair process” to circumstances in which the evidence itself is turned over in sufficient time for the claimant to prepare an adequate response before the Board relies on the evidence in ruling on a claim. Critically, nowhere did the Veterans Court say that the month Mr. Sprinkle had after receiving the medical report was adequate.
The Veterans Court’s brief rationale is broad. It refers simply to the fact that the VA issued a Supplemental Statement of the Case after the medical report was prepared and thus gave Mr. Sprinkle “no *1189 tice of evidence,” though not the evidence itself. Sprinkle, No. 10-3231, 2012 WL 573644, at *3-4, 2012 U.S.App. Vet. Claims LEXIS 284, at *9-10. But I am not prepared to conclude that the Veterans Court truly adopted so weak a view of what constitutes “fair process.”
For one thing, the Veterans Court did not discuss the obvious issues raised by such an understanding. In our legal system, where a tribunal relies on evidence in a way that is adverse to a party, it is virtually never sufficient to have told the party in advance that the evidence exists, or even to have provided a description of it; the party is broadly entitled, upon request, to scrutinize the evidence directly and not be forced to rely on the accuracy or completeness of another’s description of it. This principle is fundamental to notions of fair process even in the constitutional context. See, e.g., Greene v. McElroy, 360 U.S. 474, 496, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959); United States v. Abuhamra, 389 F.3d 309, 322 (2d Cir.2004); American-Arab Anti-Discrim. Comm., 70 F.3d 1045, 1070 (9th Cir.1995). It is hard to see how it could not be fundamental in a claimant-friendly adjudicatory system like the one established for veterans’ benefits. Perhaps in some settings an argument might be made for withholding evidence from a party even if the tribunal relies on it. This case involves no such argument: the government acknowledges that Mr. Sprinkle was entitled to be given the evidence upon request.
Uncertainty about the Veterans Court’s understanding of “fair process” is compounded by the difficulty of seeing how its ruling here squares with what appears to be the most on-point of its precedents about “fair process,” Young v. Shinseld, 22 Vet.App. 461 (2009). There, the VA gave Mr. Young a medical examination in November 2004, which resulted in a medical report, but despite multiple requests for the report, the VA did not provide it to Mr. Young before the Board issued its decision in April 2006. The Veterans Court held:
By failing to furnish the appellant a copy of the 2004 medical examination report before the Board considered and relied on it in the April 2006 decision, and after the appellant’s multiple requests for a copy of the report, VA violated the fair process principle underlying Thurber v. Brown, 5 Vet.App. 119 (1993).
Young, 22 Vet.App. at 471-72.
The Veterans Court did not discuss Young in the present ease. In particular, it did not distinguish the non-furnishing of the report before the Board made its decision in Young from the furnishing of the report only one month before the Board made its decision here. The legal principle at issue must focus on an adequate opportunity to prepare a response to evidence before the tribunal relies on it. As noted, the Veterans Court nowhere said that the one-month period here was adequate for a proper response.
It appears, moreover, that in Young, just as in this case, the VA issued a Supplemental Statement of the Case after creation of the medical report at issue. Young does not say otherwise; the governing regulations required the Regional Office in Young to issue a Supplemental Statement of the Case after the medical examination of Mr. Young, 38 C.F.R. §§ 19.31(c), 19.38; and the agency is presumed to have followed its regulations, Miley v. Principi, 366 F.3d 1343, 1347 (Fed.Cir.2004). When asked at oral argument, Mr. Sprinkle’s counsel — who also was counsel for Mr. Young — stated that the Regional Office in Young in fact issued a Supplemental Statement of the Case after the medical examination at issue. Oral Argument at 6:24-28. And the govern *1190 ment has carefully avoided asserting the contrary, saying only that the opinion in Young does not address the question. Brief for the Appellee at 26.
Apart from its discussion of the “fair process” doctrine, the Veterans Court included a footnote in its opinion stating that counsel for Mr. Sprinkle misdirected his requests for records to the Regional Office (rather than the Board) and did not ask the Board to postpone a decision while he awaited the medical report or prepared a response. Sprinkle, No. 10-3231, 2012 WL 573644, at *2 n. 1, 2012 U.S.App. Vet. Claims LEXIS 284, at *4 n. 1. The Veterans Court did not, however, rely on that footnote in its analysis of the “fair process” doctrine, id. at *3-4, 2012 U.S.App. Vet. Claims LEXIS 284 at *9-10, and the footnote says only that “the Court is troubled by” those facts, id. at *2 n. 1, 2012 U.S.App. Vet. Claims LEXIS 284 at *4 n. 1. The footnote therefore leaves unclear whether the Veterans Court’s view of “fair process” incorporates a notion that the claimant not only must request the evidence at issue but, for example, must ask for a postponement of a Board decision until the evidence is in hand for a period adequate for preparation of a response. The Veterans Court did not say that it was adopting such a requirement or discuss the issues relevant to doing so, including what standards would fit with Young.
In my view, the Veterans Court’s decision about “fair process” leaves too many questions unanswered to know precisely what rule of law it adopted in rejecting Mr. Sprinkle’s claim. Its answers to those questions, moreover, may well depend on practical considerations regarding the working of the system for adjudicating veterans’ claims for benefits, including how the Board would be likely to treat a postponement request. It is advisable for the Veterans Court to address those matters in the first instance. I would therefore vacate the decision of the Veterans Court and remand the case.