Citation Nr: 1518693 
Decision Date: 04/30/15 Archive Date: 05/05/15

DOCKET NO. 07-07 272 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUES

1. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for diabetes mellitus, type II, to include as secondary to herbicide exposure. 

2. Whether new and material evidence has been received sufficient to reopen a claim of entitlement to service connection for peripheral neuropathy of the left and right lower extremities, to include as secondary to herbicide exposure. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

Steve Ginski, Associate Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Navy from May 1972 to January 1974. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from an October 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona. 


FINDINGS OF FACT

1. In a June 2004 rating decision, the RO denied the Veteran's claims of entitlement to service connection for diabetes mellitus, type II, and peripheral neuropathy of the lower extremities. The Veteran initiated an appeal with regard to that decision, but it was not timely perfected. 

2. The evidence received since the June 2004 decision is cumulative or redundant of evidence then of record, does not relate to an unestablished fact necessary to substantiate claims of entitlement to service connection for diabetes mellitus, type II, and peripheral neuropathy of the lower extremities, and does not raise a reasonable possibility of substantiating either claim.


CONCLUSIONS OF LAW

1. The June 2004 rating decision, in which the RO denied service connection for diabetes mellitus, type II, and peripheral neuropathy of the lower extremities, is final. 38 U.S.C.A. § 7105(c) (West 2014); 38 C.F.R. § 20.1103 (2014).
 
2. The criteria for reopening claims of entitlement to service connection for diabetes mellitus, type II, and peripheral neuropathy of the lower extremities, have not been met. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156 (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5103, 5103A (West 2014); 38 C.F.R. § 3.159 (2014). Upon receipt of a substantially complete application for benefits, VA is required to notify the claimant and his or her representative of any information and evidence necessary to substantiate the claim, which information and evidence VA will obtain, and which information and evidence the claimant is expected to provide. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b). The notice requirements apply to all five elements of a service connection claim: 1) veteran status; 2) existence of a disability; (3) a connection between the veteran's service and the disability; 4) degree of disability; and 5) effective date of the disability. Dingess v. Nicholson, 19 Vet. App. 473 (2006). For applications to reopen a claim based on new and material evidence, VA has a duty to notify the claimant of the definition of new and material evidence set forth in 38 C.F.R. § 3.156 and the basis upon which the claim for service connection had been previously denied. See Kent v. Nicholson, 20 Vet. App. 1 (2006). In the instant case, VA provided adequate notice in letters sent to the Veteran in June 2006 and May 2010. The claims were last adjudicated by the RO in a June 2014 supplemental statement of the case. 

VA has a duty to assist a claimant in the development of a claim. This duty includes assisting the claimant in the procurement of relevant records. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. Here, all identified relevant records have been associated with the claims file. These include the Veteran's service treatment records, private treatment records, and VA treatment records. 

In general, the duty to assist includes providing an examination and obtaining a medical opinion, as appropriate, if certain elements are met. See 38 U.S.C.A. § 5103(d); 38 C.F.R. § 3.159(c) (4); McLendon v. Nicholson, 20 Vet. App. 79 (2006). However, those duties apply to a claim to reopen a finally adjudicated claim only if new and material evidence is presented or secured. 38 C.F.R. § 3.159(c) (4) (iii). In other words, if the claim is not reopened VA has no duty to provide an examination or obtain a medical opinion. Here, the Board determines that new and material evidence has not been submitted to reopen the claims. Hence, VA has no duty to provide an examination.

II. New and Material Evidence Necessary to Reopen Claims

The current claims of entitlement to service connection for diabetes mellitus, type II, and peripheral neuropathy of the lower extremities were received by the RO in April 2006. VA previously received these claims in April 2003. The RO denied the claims in a June 2004 rating decision. That same month, the RO mailed to the Veteran notice of that decision and of the Veteran's procedural and appellate rights (in an enclosed VA Form 4107). The Veteran initiated an appeal by filing a notice of disagreement in June 2004. The RO issued a statement of the case in January 2005. 

Appeals to the Board are initiated by the filing of a notice of disagreement with the agency of original jurisdiction (AOJ) and completed, or perfected, by the timely filing of a substantive appeal after the AOJ issues a statement of the case. 38 U.S.C.A. § 7105(a). 

Under 38 C.F.R. § 3.156(b), "new and material" evidence received prior to the expiration of the appeal period will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period. 

The United States Court of Appeals for Veterans Claims has interpreted 38 C.F.R. § 3.156(b), as preventing an unappealed RO decision from becoming final if new and material evidence is received within one year of notice of the decision and is not addressed. Young v. Shinseki, 22 Vet. App. 461, 469 (2009). New evidence means existing evidence not previously submitted to agency decision makers. 38 C.F.R. § 3.156(a). Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. Id. New and material evidence can be neither cumulative nor redundant of the evidence already of record and must raise a reasonable possibility of substantiating the claim. Id. 

In this case, the Veteran submitted a notice of disagreement with the RO's June 2004 rating decision. However, the Veteran did not file a timely substantive appeal in response to the RO's January 2005 Statement of the Case. Further, VA did not receive any evidence, new or material, from the Veteran regarding the claims within the one year period following the 2004 rating decision notice. Therefore, 38 C.F.R. § 3.156(b) does not operate to prevent the June 2004 decision from becoming final, and the decision became final. See U.S.C.A. § 7105(c). 

Once a claim for service connection for a disability has been denied, and such decision becomes final, it generally cannot be reopened. 38 U.S.C.A. § 7105(c) (West 2014). The exception to the law of not reopening a claim that has been the subject of a final RO decision, is that if new and material evidence is added to the record, VA shall reopen and review the former disposition of the claim. 38 U.S.C.A. § 5108 (West 2014). New evidence means existing evidence not previously submitted to agency decision makers. 38 C.F.R. § 3.156(a) (2014). Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. Id. New and material evidence can be neither cumulative nor redundant of the evidence already of record and must raise a reasonable possibility of substantiating the claim. Id. 

In the instant case, the unestablished facts necessary to substantiate claims of entitlement to service connection for diabetes mellitus, type II, and peripheral neuropathy of the lower extremities are facts relating to in-service exposure to Agent Orange or facts showing the incurrence of diabetes mellitus, type II, and peripheral neuropathy of the lower extremities during service. Thus, for evidence to be material it must relate to at least one of these facts. The evidence of record at the time the June 2004 decision became final consisted of diagnoses of diabetes mellitus, type II, and peripheral neuropathy of the lower extremities, and lay statements submitted by the Veteran and other servicemen. 

After a thorough review of the record, the Board finds that evidence added to the record following the RO's June 2004 decision is either redundant or cumulative of evidence already of record, or if it is new, does not relate to an unestablished fact necessary to substantiate claims of entitlement to service connection for diabetes mellitus, type II, or peripheral neuropathy of the lower extremities. Specifically, subsequently added medical evidence of record tends to show treatment for diabetes mellitus, type II, and peripheral neuropathy, which indicates that the Veteran has these conditions. These records, while new, are not material in that they are cumulative of prior records, which reflect diagnoses of diabetes mellitus, type II, and peripheral neuropathy of the lower extremities. They do not offer any probative evidence showing a nexus between the disabilities on appeal and the Veteran's service or exposure to Agent Orange while in service. Therefore, these records add nothing of substance to the claim, especially in terms of relating the disabilities to military service. 

The Veteran has also submitted written statements. In a March 2009 statement, the Veteran alleged he was exposed to Agent Orange while loading the herbicide into cargo planes in the Philippines. In an August 2009 statement, the Veteran again asserted he was exposed to Agent Orange while loading 55 gallon drums into cargo planes in the Philippines. The Board notes that these statements repeat the same information given in a May 2004 letter submitted by J.D., a serviceman who asserted that he, along with the Veteran, was exposed to Agent Orange during active duty in the Philippines while loading 55 gallon drums of herbicides, including Agent Orange, into aircraft they were waiting for their ship.

Again, the Board finds that these records, while new, are not material in that they are cumulative of prior records. Essentially, these letters are unverified lay statements that purport to show exposure to Agent Orange while in active service. The information contained in the newly submitted statements repeats the contents of the May 2004 letter submitted by J.D., and they contain no new assertions regarding Agent Orange exposure. 

Therefore, as there has been no new and material evidence added to the record since the June 2004 decision, the Board concludes that the claims of entitlement to service connection may not be reopened. The appeals are therefore denied. There is no reasonable doubt to be resolved as to this issue. See 38 U.S.C.A. § 5107 (West 2014); 38 C.F.R. § 3.102 (2014). 


ORDER

New and material evidence not having been added to the record, the claim of entitlement to service connection for diabetes mellitus, type II, is not reopened; the appeal is denied.

New and material evidence not having been added to the record, the claim of entitlement to service connection for peripheral neuropathy of the lower extremities is not reopened; the appeal is denied.



______________________________________________
BARBARA B. COPELAND
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs