Citation Nr: 1829330 
Decision Date: 05/29/18 Archive Date: 06/12/18

DOCKET NO. 14-14 221 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUES

1. Whether new and material evidence has been received to reopen a claim of entitlement to service connection for a sleep disorder, diagnosed as sleep apnea.

2. Entitlement to service connection for a sleep disorder, diagnosed as sleep apnea.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

B. Moore, Associate Counsel




INTRODUCTION

The Veteran served on active duty from May 2000 to May 2008. 

This matter is before the Board of Veterans' Appeals (Board) on appeal of an April 2012 rating decision of the Roanoke, Virginia, Regional Office (RO) of the Department of Veterans Affairs (VA). 


FINDINGS OF FACT

1. In an unappealed November 2008 rating decision, the RO denied service connection for a sleep disorder because the evidence failed to demonstrate that the Veteran suffered from a sleep disorder that had its onset during or was related to the Veteran's service. 

2. Evidence received since the November 2008 rating decision includes information that was not previously submitted, relates to an unestablished fact necessary to substantiate the claim, and raises a reasonable possibility of substantiating the claim.

3. Resolving all doubt in the Veteran's favor, the Veteran's sleep disorder, diagnosed as sleep apnea, is causally related to active service.


CONCLUSIONS OF LAW

1. The November 2008 rating decision that denied service connection for a sleep disorder became final. 38 U.S.C. § 7105 (2012); 38 C.F.R. § 20.1103.

2. Evidence received after the November 2008 rating decision is new and material to reopen a claim of entitlement to service connection for a sleep disorder, diagnosed as sleep apnea. 38 U.S.C. § 5108; 38 C.F.R. §§ 3.156(a), 3.303.

3. The criteria to establish entitlement to service connection for a sleep disorder, diagnosed as sleep apnea, have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board is required to determine whether new and material evidence has been received before it can reopen a claim. Barnett v. Brown, 83 F.3d 1380 (Fed. Cir. 1996). In general, VA shall reopen and review an adjudicated claim when a veteran submits new and material evidence that raises a reasonable possibility of substantiating the adjudicated claim. 38 U.S.C. § 5108; 38 C.F.R. § 3.156. New evidence means evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the veteran's claim. The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is low. Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). 

Service connection for a sleep disorder was denied in a November 2008 rating decision because the evidence of record failed to demonstrate that the Veteran suffered from an acquired psychiatric disorder that resulted in sleep trouble, and because a sleep study was not of record. The Veteran did not appeal this decision and it became final. In September 2011, the Veteran filed a claim of entitlement to service connection for sleep apnea, which the RO construed as a request to reopen the previously denied claim of entitlement to service connection for a sleep disorder. In April 2012, the RO denied reopening of the sleep disorder claim because the RO did not receive new and material evidence which showed that the Veteran had "been diagnosed with sleep apnea or a sleep disorder that is due to military service." The Veteran's April 2012 denial is now before the Board for adjudication. 38 U.S.C. § 7105; 38 C.F.R. § 20.1103; Young v. Shinseki, 22 Vet. App. 461 (2011). 

New evidence submitted after the November 2008 rating decision (the prior final denial which addressed the claim on its merits) includes VA treatment records which indicate that the Veteran has been diagnosed with sleep apnea. This evidence is new because it was not previously of record. The Board finds that the new evidence is also material because it raises a reasonable possibility of substantiating the claim. Therefore, that new and material evidence is sufficient to reopen the previously denied claim of entitlement to service connection for a sleep disorder, characterized as sleep apnea. 38 C.F.R. § 3.156.

The medical evidence of record, including an April 2016 VA treatment record, indicates that the Veteran suffers from sleep apnea. A December 2007 service treatment record notes that the Veteran reported that his wife could not "sleep at night secondary to his snoring, that he feels tired every day even if he gets 8 [hours] of sleep, and that his wife has witnessed him stopping breathing on occasion." The Veteran's March 2008 Report of Medical History at separation does not indicate that the Veteran had sleep apnea, but the Veteran did report frequent trouble sleeping and was recommended for a sleep study to rule out sleep apnea. He was referred for a sleep study, but the evidence of record indicates that a sleep study was not performed during the Veteran's service. 

A May 2008 VA examination report indicates that the Veteran did not have an appointment for a sleep study to be performed by VA. The author of that examination report noted that the Veteran described intense snoring, and that he gasped for breath during sleep. The Veteran was not diagnosed with a sleep disorder as a result of a psychiatric disability, and the author of the examination report recommended that consideration be given to the possible diagnosis of sleep apnea. An April 2016 VA treatment record indicates that the Veteran received a diagnosis of obstructive sleep apnea following a sleep study. 

A January 2017 VA medical opinion report, provided without examination or interview, confirms a diagnosis of sleep apnea, but does not provide an adequate opinion as to whether the Veteran has sleep apnea as a result of service. Because of the Veteran's symptoms, the evidence of record, and the inadequate January 2017 VA medical opinion report, the Board finds that the evidence of record stands in equipoise. Resolving reasonable doubt in the Veteran's favor, service connection for sleep apnea is warranted. 38 C.F.R. §§ 3.102, 3.303; Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).


ORDER

The request to reopen the previously denied claim of entitlement to service connection for a sleep disorder, diagnosed as sleep apnea, is granted.

Entitlement to service connection for a sleep disorder, diagnosed as sleep apnea, is granted.



____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs