http://www.va.gov/vetapp16/Files6/1644951.txt

Citation Nr: 1644951 
Decision Date: 11/30/16 Archive Date: 12/09/16

DOCKET NO. 09-46 716A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania

THE ISSUES

1. Whether new and material evidence has been received sufficient to reopen the claim of entitlement to service connection for type II diabetes mellitus, to include as due to herbicide exposure. 

2. Entitlement to service connection for type II diabetes mellitus, to include as due to herbicide exposure. 

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel

INTRODUCTION

The Veteran served on active duty from December 1971 to September 1973.

This appeal comes before the Board of Veterans' Appeals (Board) from a February 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO). 

In October 2013, the Board remanded this appeal to the Agency of Original Jurisdiction (AOJ) for further development. 

Records in the Virtual VA paperless claims processing system (Virtual VA) and the Veterans Benefits Management System (VBMS) have been reviewed and considered. 

The issue of entitlement to service connection for type II diabetes mellitus, to include as due to herbicide exposure, is addressed in the REMAND portion of the decision below and is REMANDED to the AOJ.

FINDINGS OF FACT

1. The August 2009 RO rating decision denied the claim of service connection for type II diabetes mellitus; the Veteran was notified of the decision and apprised of his right to appeal, but he did not appeal in a timely fashion.

2. The evidence received since the August 2009 RO rating decision is neither cumulative nor repetitive of facts that were previously considered.

CONCLUSIONS OF LAW

1. The August 2009 rating decision that denied service connection for type II diabetes mellitus is final. 38 U.S.C.A. § 7105 (West 2014); 38 C.F.R. §§ 3.156, 20.201, 20.302, 20.1103 (2015).

2. The evidence received since the August 2009 rating decision is new and material for the purpose of reopening the claim of service connection for type II diabetes mellitus. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a)(2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

To the extent that the action taken herein below is favorable to the Veteran, discussion of the duties to notify and assist is not required at this time.

The Veteran seeks service connection for type II diabetes mellitus. The claim for service connection for type II diabetes mellitus was previously considered and denied by the RO in an August 2009 rating decision. The Veteran did not appeal the decision and it became final. 38 C.F.R. § 20.1103. A review of the claims file reflects that the Veteran did not submit any additional evidence within one year of the rating decision. See 38 C.F.R. § 3.156(b); Young v. Shinseki, 22 Vet. App. 461, 466 (2009). As such, the Veteran's claim may be reopened only if new and material evidence has been secured or presented since the last final rating decision. 38 U.S.C.A. § 7105.

As general rule, a claim shall be reopened and reviewed if new and material evidence is presented or secured with respect to a claim that is final. 38 U.S.C.A. 
§ 5108; 38 C.F.R. §§ 3.156, 20.1105. Under 38 C.F.R. § 3.156(a), new evidence means evidence not previously submitted to agency decision makers. Material evidence means evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. 38 C.F.R. § 3.156(a). 

New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be. Id. 
The threshold for determining whether new and material evidence raises a reasonable possibility of substantiating a claim is "low." See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010). 

Moreover, the Veteran need not present evidence as to each element that was a specified basis for the last disallowance, but merely new and material evidence as to at least one of the bases of the prior disallowance. Id. at 120 (noting the assistance of 38 C.F.R. § 3.159(c)(4) would be rendered meaningless if new and material evidence required a claimant submit medical nexus evidence when he has provided new and material evidence as to another missing element). In determining whether evidence is new and material, the credibility of the new evidence is presumed. Justus v. Principi, 3 Vet. App. 510, 513 (1992).

At the time of the prior decision, the record included the claim, the service records, and post-service records. In essence, at the time of the prior decision, there was no accepted evidence that the Veteran was exposed to herbicides while he was in service.

The evidence received since the August 2009 rating decision includes evidence that is both new and material to the claim. See 38 C.F.R. § 3.156. In April 2014, the Veteran submitted deck logs from the USS MC Fox DD 829. The Veteran has asserted that the latitude and longitude from June 1972 establish that the Veteran was at the mouth of the Cue Viet River. This new evidence addresses the reason for the previous denial. The credibility of this evidence is presumed for purposes of reopening the claim. See Justus v. Principi, 3 Vet. App. 510, 513 (1992). Accordingly, the claim is reopened.

ORDER

The application to reopen the claim for service connection for type II diabetes mellitus, to include as due to herbicide exposure, is granted. 
REMAND

The Veteran served aboard the USS MC Fox DD 829. He contends that the ship operated at the mouth of Cue Viet River, and thus, during his active military service, he was exposed to Agent Orange. To date, the Veteran's service aboard the USS MC Fox DD 829 has not been verified, particularly whether the ship did in fact operate at the mouth of the Cue Viet River. In October 2011, the AOJ made a formal finding that there was insufficient information to establish that the Veteran was exposed to herbicides. Lastly, the AOJ has not reconsidered whether the Veteran's service was properly categorized as "blue water" rather than "brown water" in light of recent case law. See Gray v. McDonald, 27 Vet. App. 313 (2015). Therefore, a remand is necessary for further development.

Accordingly, the case is REMANDED for the following actions:

1. Utilizing new procedures, consist with the Court's holding in the Gray case, for determining an inland waterway, undertake all efforts to verify the Veteran's in-country service in Vietnam or its inland waterways. All such effort should be documented in the claims folder, and the Veteran should be informed of any negative results that are obtained. The AOJ must specifically verify the Veteran's service aboard the USS MC Fox DD 829, in light of the new deck logs submitted by the Veteran.

2. After completing the above, and any other development deemed necessary, readjudicate the Veteran's claim based on the entirety of the evidence. If the benefit sought on appeal is not granted to the Veteran's satisfaction, he and his representative should be provided with a supplemental statement of the case. An appropriate period of time should be allowed for response. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

______________________________________________
DAVID L. WIGHT
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs